## SCHLATER & AL. vs. BROADDUS & AL.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This action commenced by attachment. The writ was executed by seizing in the hands of garnishees, all the rights, credits, and effects which they possessed of the defendants.

Interrogatories were propounded to the garnishees, who answered that they had in their possession 76 hogsheads of tobacco, delivered them by William Broaddus, as his property.

An attorney was appointed by the court to defend the absent debtor, who pleaded,

1. That the petition was insufficient, inasmuch as the names of all the parties made defendants, were not inserted.

The defendant may shew that the property attached is not his.

SCHLATER
& AL.
vs.
BROADDUS
& AL.

2. That no such company as William Broaddus & co. ever existed; and that if it ever did, William Broaddus was not a partner of it.

3. That he had not executed the note on which suit is brought; and 4th, and lastly, that no property belonging to him had been attached.

Before the cause was tried on these issues, a petition of intervention was filed by twenty-four persons, stating themselves to be citizens of Kentucky, claiming the property attached as theirs, and averring they had forwarded it by Broaddus to this city for sale.

The case was tried on its merits. The court below considered that the parties intervening had fully made out their right to the tobacco seized in the hands of the garnishees, and decreed accordingly. The plaintiff appealed.

The record comes up filled with evidence of all kinds; and a great many questions have been raised on the argument in this court, and elaborately discussed.

The correctness of the decision of the court below, depends a good deal on a question much debated between the parties: that is, whether evidence taken before the bill of intervention was filed in support of the allegation

contained in the defendants' answer, that the
property attached, did not belong to him, could
be used by the interpleaders to sustain their ti-
tle to it.    We do not however, find that we are
required to express any opinion on this point;
that which we have formed on another, pre-
sented by a bill of exceptions, renders it unne-
cessary for us to do so.

East'n. District
*Feb.* 1825.

SCHLATER
& AL.
*vs.*
BROADDUS
& AL.

The defendants offered evidence to shew
that no property belonging to them was at-
tached. The judge refused them permission to
do so, on the ground that a defendant cannot be
allowed to contest the fact of his property be-
ing attached, that this can only be done by a
claim on the part of the real owners.

In this opinion we are unable to concur.
The ordinary jurisdiction of our courts is lim-
ited to our own citizens and strangers found
within the state.    Persons residing in other
countries, can only be made amenable to our
tribunals, by having *their* property attached·
This process duly and legally executed, stands
in place of citation.    The credits, goods and
effects of the defendant, for the purpose of
bringing him into court, represent his person.
If they are not levied on, he is not legally be-
fore the tribunal, any more than he would be

East'n District
Feb. 1825.

SCHLATER
& AL.
vs.
BROADDUS
& AL.

in an ordinary action, where citation was not served. The defendants therefore had certainly a right to shew that the fact on which alone the court could assume jurisdiction did not exist. This point has been already decided in this tribunal. See the case of *Woodward & al* vs. *Braynard & al.* 6 *Martin*, 573.

Conceiving, therefore, that the defendants had a right to offer this fact as a dilatory exception, the time to prove it was on the trial.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that this case be remanded to the district court, with directions to the judge not to refuse the defendants permission to shew that the property attached, did not belong to them, and it is further ordered, that the appellees pay the costs of this appeal.

*McCaleb* for the plaintiffs, *Ripley* for the defendants.